## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PLYMOUTH INDUSTRIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SIOUX STEEL COMPANY, | ) |
| | ) |
| Defendant. | ) Case: 8:05-CV-196-LES-FG3 |
| | ) |
| | ) **JURY TRIAL IN OMAHA,** |
| | ) **NEBRASKA DEMANDED** |
| | ) |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF
## DEFENDANT SIOUX STEEL COMPANY

Defendant, Sioux Steel Company ("Defendant") for its Answer to the Complaint filed by

Plymouth Industries, LLC ("Plaintiff") hereby answer and allege as follows:

## <u>THE PARTIES</u>

1.     Plaintiff, Plymouth Industries, LLC, is a limited liability company organized
and existing under the laws of the state of Nebraska, with its principal place of business
located at 615 East Main, Plymouth, Nebraska 68424.

**ANSWER:**

Defendant Sioux Steel admits that Plaintiff has a place of business at 615 East Main,

Plymouth, Nebraska.  Defendant Sioux Steel is without knowledge or information to form a belief

as to the truth of the remaining allegations in paragraph 1 of the Complaint, and therefore denies

the same.

2.     Upon information and belief, Defendant, Sioux Steel Company, is a
corporation existing under the laws of the state of South Dakota, having a principal place of
business at 196½ East 6th Street, Sioux Falls, South Dakota 57101.

1

**ANSWER:**

Denied as stated, but admitted that Defendant Sioux Steel Company is a Delaware corporation having a place of business at 196½ East 6th Street, Sioux Falls, South Dakota 57104.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

**ANSWER:**

Defendant Sioux Steel admits that Plaintiff purports to allege an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

4.      This Court has jurisdiction under 28 U.S.C. §§ 1338(a).

**ANSWER:**

Defendant Sioux Steel admits that this Court has original jurisdiction of any properly filed patent infringement action under 28 U.S.C. § 1338(a).

5.      Venue is proper in this District under the provisions of 28 U.S.C. §§ 1391(c) and 1400.

**ANSWER:**

Defendant Sioux Steel admits that venue is proper in this judicial district, but expressly denies that it has committed acts of infringement in this judicial district or elsewhere.

## COUNT I - PATENT INFRINGEMENT

6.      Plaintiff is the owner of United States Patent No. 6,672,247 (hereinafter the "'247 patent") issued January 6, 2004, entitled "HAY SAVER INSERT".  A copy of the '247 patent is attached hereto as Exhibit A.

**ANSWER:**

Defendant Sioux Steel admits that the '247 patent states on its face that it was issued on July 6, 2004 and is entitled "HAY SAVER INSERT."  Defendant Sioux Steel also admits that a copy of the '247 patent is attached to the Complaint.  Defendant Sioux Steel is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6

of the Complaint, and therefore denies the same.

7.     Defendant is making, using, selling and offering for sale inserts covered by said '247 patent in the state of Nebraska within this Judicial District, and throughout the United States, and by so doing is infringing one or more claims of the '247 patent.

**ANSWER:**

Denied.

8.     Defendant's activities with respect to the infringement of the '247 patent have been without the express or implied license of the Plaintiff.

**ANSWER:**

Denied.

9.     Defendant has willfully infringed the '247 patent within the United States by making, using, selling and offering for sale inserts within the state of Nebraska and within this judicial district.

**ANSWER:**

Denied.

10.     Plaintiff has been and will be damaged by the foregoing infringing activities of Defendant in an amount which cannot be accurately determined at this time.

**ANSWER:**

Denied.

## COUNT II - PATENT INFRINGEMENT

11.     Plaintiff is the owner of United States Patent No. 6,789,505 (hereinafter the "'505 patent") issued September 14, 2004, entitled "HAY SAVER INSERT".  A copy of the '505 patent is attached hereto as Exhibit B.

**ANSWER:**

Defendant Sioux Steel admits that the '505 patent states on its face that it was issued on

September 14, 2004 and is entitled "HAY SAVER INSERT."  Defendant Sioux Steel also admits

that a copy of the '505 patent is attached to the Complaint.  Defendant Sioux Steel is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 11 of the Complaint, and therefore denies the same.

12.     Defendant is making, using, selling and offering for sale inserts covered by
said '505 patent in the state of Nebraska within this Judicial District, and throughout the
United States, and by so doing is infringing one or more claims of the '505 patent.

**ANSWER:**

Denied.

13.     Defendant's activities with respect to the infringement of the '505 patent have
been without the express or implied license of the Plaintiff.

**ANSWER:**

Denied.

14.     Defendant has willfully infringed the '505 patent within the United States by
making, using, selling and offering for sale inserts within the state of Nebraska and within
this judicial district.

**ANSWER:**

Denied.

15.     Plaintiff has been and will be damaged by the foregoing infringing activities of
Defendant in an amount which cannot be accurately determined at this time.

**ANSWER:**

Denied.

## PLAINTIFFS' PRAYER FOR RELIEF

16.     Defendant Sioux Steel denies that Plaintiff is entitled to any relief or judgment

whatsoever from Sioux Steel, either as prayed for in the Complaint or otherwise.

4

17. Sioux Steel further denies each and every allegation contained in the Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer, Affirmative Defenses and Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (No Infringement)

18. Defendant Sioux Steel has not infringed any valid claim of the '247 patent.

### Second Affirmative Defense

### (Invalidity of Patent)

19. Each claim of the '247 patent is invalid for failure to met the statutory and decisional requirements for patentability, including those of 35 U.S.C. §§ 102, 103 and/or 112.

### Third Affirmative Defense

### (No Infringement)

20. Defendant Sioux Steel has not infringed any valid claim of the '505 patent.

### Fourth Affirmative Defense

### (Invalidity of Patent)

21. Each claim of the '505 patent is invalid for failure to met the statutory and decisional requirements for patentability, including those of 35 U.S.C. §§ 102, 103 and/or 112.

## COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs Sioux Steel Corporation ("Sioux Steel"), through their counsel, for their counterclaims against Plaintiffs and Counterclaim Defendants Plymouth Industries, LLC ("Plymouth"), state, allege, and aver as follows:

**Nature of Action**

1.      Sioux Steel counterclaims for a declaration of non-infringement and invalidity as to each and every patent claim of U.S. Patent Nos. 6,672,247 (the "247 patent") and 6,789,505 (the "505 patent") (collectively, the "Asserted Patents"), arising under the Declaratory Judgment Act, 28 U.S.C §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction over Sioux Steel's Declaratory Judgment Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§ 1331 and 1338(a). As demonstrated by the Complaint filed by Plymouth in this action, and the Defenses and Counterclaims raised by Sioux Steel, an actual and justiciable controversy exists between Sioux Steel and Plymouth regarding non-infringement and invalidity as to each and every patent claim of the Asserted Patents.

3.      This Court has personal jurisdiction over Plymouth.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) and 1400(b).

**The Parties**

5.      Sioux Steel is a Delaware corporation having its principal place of business at 196½ East 6th Street, Sioux Falls, South Dakota 57104.

6.      As alleged in the Complaint, Plymouth is a limited liability company organized and existing under the laws of the state of Nebraska, with its principal place of business located at 615 East Main, Plymouth, Nebraska 68424.

## COUNT I

### (Declaratory Judgment of Non-Infringement)

7.      Sioux Steel hereby incorporates by reference the allegations set forth in Paragraphs 1 through 6 of its Counterclaims as though set forth herein in their entirety.

8.      In the Complaint, Plymouth alleges that Sioux Steel has been infringing one or more claims of the '247 patent.

9.      Sioux Steel denies that has infringed any valid claim of the '247 patent.

10.     There exists, therefore, an actual and justifiable controversy between Sioux Steel and Plymouth with respect to the non-infringement of any valid claim of the '247 patent.

11.     Therefore, Sioux Steel seeks entry of a declaratory judgment that it does not infringe any valid claim of the '247 patent.

## COUNT 2

### (Declaratory Judgment of Non-Infringement)

12.     Sioux Steel hereby incorporates by reference the allegations set forth in Paragraphs 1 through 6 of its Counterclaims as though set forth herein in their entirety.

13.     In the Complaint, Plymouth alleges that Sioux Steel has been infringing one or more claims of the '505 patent.

14.     Sioux Steel denies that has infringed any valid claim of the '505 patent.

15.     There exists, therefore, an actual and justifiable controversy between Sioux Steel and Plymouth with respect to the non-infringement of any valid claim of the '505 patent.

16.     Therefore, Sioux Steel seeks entry of a declaratory judgment that it does not infringe any valid claim of the '505 patent.

## COUNT 3

### (Declaratory Judgment of Invalidity)

17.     Sioux Steel hereby incorporates by reference the allegations set forth in Paragraphs 1 through 6 of its Counterclaims as though set forth herein in their entirety.

18.     In the Complaint, Plymouth alleges that Sioux Steel has been infringing one or more claims of the '247 patent.

19.     Sioux Steel alleges that each and every claim of the '247 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including those of 35 U.S.C. §§ 102, 103, and/or 112.

20.     There exists, therefore, an actual and justifiable controversy between Sioux Steel and Plymouth with respect to the invalidity of each and every claim of the '247 patent.

21.     Therefore, Sioux Steel seeks entry of a declaratory judgment that each and every claim of the '247 patent is invalid.

## COUNT 4

### (Declaratory Judgment of Invalidity)

22.     Sioux Steel hereby incorporates by reference the allegations set forth in Paragraphs 1 through 6 of its Counterclaims as though set forth herein in their entirety.

23.     In the Complaint, Plymouth alleges that Sioux Steel has been infringing one or more claims of the '505 patent.

24.     Sioux Steel alleges that each and every claim of the '505 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including those of 35 U.S.C. §§ 102, 103, and/or 112.

25.     There exists, therefore, an actual and justifiable controversy between Sioux Steel and Plymouth with respect to the invalidity of each and every claim of the '505 patent.

26.    Therefore, Sioux Steel seeks entry of a declaratory judgment that each and every claim of the '247 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Sioux Steel respectfully requests that judgment be entered in its favor as follows:

A.    For the Complaint to be dismissed, with prejudice, and Plymouth's requests for relief be denied entirely;

B.    For a declaration that each and every claim of U.S. Patent No. 6,672,247 and U.S. Patent No. 6,789,505 is (l) not infringed and (2) invalid;

C.    For Plymouth to be preliminarily and permanently enjoined from asserting that Sioux Steel, or its officers, agents, representatives, stockholders, and/or customers, have infringed or are infringing any of the claims of the Asserted Patents;

D.    For Plymouth to be preliminarily and permanently enjoined from bringing suit against Sioux Steel or its officers, agents, representatives, stockholders, and/or customers, for infringement of any of the Asserted Patents;

E.    For a declaration that this case is an exceptional and that Sioux Steel be awarded its attorneys fees in accordance with case under 35 U.S.C. § 285 and other applicable law.

F.    That Sioux Steel be awarded its costs and other expenses in this action; and

G.    For Sioux Steel to be awarded such other and further relief as the Court may deem just and proper.

9

## **JURY DEMAND**

Sioux Steel hereby demands a trial by jury in Omaha, Nebraska, on all issues so triable.


Respectfully submitted,


Date:  June 24, 2005_____                /s/ Kirk A. Vander Leest_____
                                            Kirk A. Vander Leest
                                            McAndrews, Held & Malloy
                                            500 West Madison Street, Suite 3400
                                            Chicago, IL  60661
                                            Telephone: (312)775-8000
                                            Facsimile: (312)775-8100
                                            E-mail:  kvanderleest@mhmlaw.com

                                            Timothy J. Thalken (#22173)
                                            Fraser Stryker Meusey Olson Boyer & Bloch, P.C.
                                            500 Energy Plaza
                                            409 South 17th Street
                                            Omaha, NE 68102
                                            Telephone: (402) 978-5285
                                            Facsimile (402) 341-8290
                                            E-mail:  tthalken@fslf.com

                                            Attorneys for Defendant
                                            SIOUX STEEL COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Dennis L. Thomte
Shane M. Niebergall
Thomte, Mazour & Niebergall
2120 South 72nd Street, Suite 1111
Omaha, NE 68124

/s/ Kirk A. Vander Leest