IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PLYMOUTH INDUSTRIES, LLC, a Nebraska Limited Liability Company, | ) ) ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) | 8:05CV196 |
| v. | ) ) | |
| SIOUX STEEL COMPANY, a South Dakota Corporation, | ) ) ) | |
| Defendant and Counterclaim Plaintiff. | ) ) ) | |
| PLYMOUTH INDUSTRIES, LLC, a Nebraska Limited Liability Company, | ) ) ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) | 8:05CV469 |
| v. | ) ) | |
| SIOUX STEEL COMPANY, a South Dakota Corporation, | ) ) ) | MEMORANDUM AND ORDER |
| Defendant and Counterclaim Plaintiff. | ) ) ) | |

This matter is before the Court on Plymouth Industries, LLC's ("Plymouth") motion to strike the expert report of Sioux Steel Company's ("Sioux Steel") expert witness David Lovell (Filing No. 80 in 8:05CV196; Filing No. 58 in 8:05CV469); Sioux Steel's motion in limine to preclude plaintiff from offering any expert testimony on the issues of infringement, invalidity, damages, or willfulness (Filing No. 83 in 8:05CV196; Filing No.

61 in 8:05CV469); and Sioux Steel's motion to disqualify Plymouth's counsel, Dennis L. Thomte, from serving as an advocate at trial (Filing No. 98 in 8:05CV196; Filing No. 66 in 8:05CV469).  Having reviewed the motions, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds that Plymouth's motion to strike, Sioux Steel's motion in limine, and Sioux Steel's motion to disqualify should all be denied.[1]

### DISCUSSION

A.   **Plymouth's Motion to Strike**

Plymouth has moved to strike the expert report of Sioux Steel's expert witness David Lovell and to preclude Mr. Lovell from testifying as an expert witness at trial.  Plymouth contends that Mr. Lovell is a biased and unreliable witness because Mr. Lovell is one of Plymouth's competitors.  In response, Sioux Steel argues, relying on *DiCarlo v. Keller Ladders, Inc.*, 211 F.3d 465 (8th Cir. 2000), that Plymouth's motion must be denied because an expert witness's bias goes to the weight, not the admissibility of testimony.  The Court agrees.

---

[1] Plymouth filed an unopposed motion for leave to file a memorandum out of time in opposition to Sioux Steel's motion to disqualify Mr. Thomte (Filing No. 114 in 8:05CV196; Filing No. 87 in 8:05CV469).  Plymouth's brief and index were filed two days out of time on July 12, 2006, due to a miscalculation of the filing deadline, which was erroneously confirmed by court staff.  Granting the motion will not cause undue delay or unfair prejudice to Sioux Steel; therefore, the motion will be granted, and the Court has considered Plymouth's submissions.

In *DiCarlo*, the plaintiff, who was injured during a fall from a stepladder, brought a products liability action against the manufacturer and seller of the ladder. *Id*. at 466. At trial, plaintiff objected to the testimony of the manufacturer's expert witness, claiming that the expert's testimony was "unreliable because he was biased in favor of Keller [the manufacturer]." *Id*. at 468. The district court permitted the expert to testify and allowed plaintiff to present evidence of bias during cross-examination. The Eighth Circuit affirmed the district court's decision to allow the testimony, explaining that "the credibility of a witness is the jury's province, whether the witness is lay or expert." *Id*. (citing 4 Weinstein's Federal Evidence § 702.06[8] (2d ed. 2000)) ("An expert witness's bias goes to the weight, not the admissibility of the testimony, and should be brought out on cross-examination.").

Based on the Eighth Circuit's holding in *DiCarlo*, the Court finds that Plymouth's motion should be denied. If Mr. Lovell testifies at trial, Plymouth will be permitted to present its evidence of bias during cross-examination.

**B.   Sioux Steel's Motion in Limine**

Sioux Steel's motion in limine consists of two distinct components. First, Sioux Steel contends that Plymouth should be precluded from introducing expert testimony on the issues of

infringement, invalidity, damages, and willfulness because Plymouth did not identify any expert witnesses within the deadlines set forth in the Amended Final Progression Order dated December 2, 2005.  Because Plymouth has admitted that it will not use expert testimony at trial, (Filing No. 84, p.2), the Court finds that this aspect of Sioux Steel's motion in limine should be denied as being moot.

Second, Sioux Steel argues that Plymouth should be precluded from introducing testimony from fact witnesses as to whether (1) any of the accused products have any limitation of the asserted claims; (2) the accused products infringe any asserted claim of any asserted Plymouth Patent; (3) any of the prior art references disclosed by Sioux Steel have any limitation of the asserted claims; (4) any prior art reference or references invalidate any claim of any asserted Plymouth Patent; (5) the amount of damages allegedly suffered by Plymouth; and (6) Sioux Steel's alleged infringement has been willful.  Sioux Steel asserts that allowing "fact witnesses to testify on these issues would permit [Plymouth] to run an end-around the expert disclosure requirements" and severely prejudice Sioux Steel.

Plymouth, on the other hand, contends that it is entitled to present lay testimony on the issues of infringement, invalidity, damages, and/or willfulness under Fed. R. Evid. 701 so long as the lay testimony is based on the witness' perception,

is helpful to the determination of a fact issue, and is not based on scientific, technical, or other specialized knowledge.

The Court will allow Plymouth to present lay witness testimony on the issues of infringement, invalidity, damages, and/or willfulness, subject to the Federal Rules of Evidence. Specific objections based on the Rules of Evidence will be addressed at the time of trial. Accordingly, the Court finds that this aspect of Sioux Steel's motion in limine should be denied.

**C.   Sioux Steel's Motion to Disqualify**

Sioux Steel argues that Plymouth's counsel, Dennis L. Thomte, should be precluded from representing Plymouth at trial, pursuant to Rule 3.7 of the Nebraska Rules of Professional Conduct, because he is a necessary material fact witness regarding Sioux Steel's affirmative defense and counterclaim of inequitable conduct. In response, Plymouth argues that disqualification is not necessary because the inequitable conduct issue will not be tried to a jury.

Rule 3.7(a) of the Nebraska Rules of Professional Conduct provides:[2]

---

[2] Rule 1.7 of the General Rules of the United States District Court for the District of Nebraska provides that "[t]he standards of conduct of the members of the bar of this court shall be those prescribed by the Code of Professional Responsibility adopted by the Nebraska Supreme Court . . ." NEGenR1.7.

-5-

>   (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>   (1) the testimony relates to an uncontested issue;
>
>   (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
>   (3) disqualification of the lawyer would work substantial hardship on the client.

Nebraska Rules of Prof'l Conduct R. 3.7(a) (2005). In regard to patent infringement actions, the following rationales for the advocate-witness rule have been identified: (1) it eliminates the possibility that the attorney will not be a fully objective witness; (2) it reduces the risk that the trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight to an attorney's arguments; and (3) it reflects a broad concern that the administration of justice not only be fair, but also appear fair. *See Coolsavings.com, Inc. v. E-centives, Inc.*, 2000 WL 1262929, at *5 (N.D. Ill. Sept. 1, 2000) (citing *United States v. Morris*, 714 F.2d 669, 671 (7th Cir. 1983)).

"The defense of inequitable conduct in a patent suit, being entirely equitable in nature, is not an issue for a jury to decide." *Paragon Podiatry laboratories, Inc. v. KLM Laboratories, Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993). Because the inequitable conduct defense will not be tried to a

jury, the Court finds that disqualification is not necessary. Pursuant to Fed. R. Civ. P. 42(b),[3] the Court orders a separate non-jury trial on the inequitable conduct issues. The Court is satisfied that it can properly assess Thomte's objectivity and differentiate whether Thomte is speaking as an advocate or a witness. The remaining issues will be tried to a jury on a subsequent date if the Court finds in favor of Plymouth on the inequitable conduct issues. *See Agfa Corp. v. Creo Products Inc.,* 451 F.3d 1366 (Fed. Cir. 2006) (noting that "inequitable conduct 'early in the prosecution may render unenforceable all claims which eventually issue from the same or a related application.'"). Accordingly,

IT IS ORDERED:

1) Plymouth's motion to strike the expert report of Sioux Steel's expert witness David Lovell (Filing No. 80 in 8:05CV196; Filing No. 58 in 8:05CV469) is denied;

2) Sioux Steel's motion in limine to preclude Plymouth from offering any expert testimony on the issues of infringement, invalidity, damages, or willfulness (Filing No.

---

[3] Fed. R. Civ. P. 42(b) provides:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

83 in 8:05CV196; Filing No. 61 in 8:05CV469) is denied as moot;

       3)   Plymouth's motion for leave to file opposition memorandum out of time (Filing No. 114 in 8:05CV196; Filing No. 87 in 8:05CV469) is granted;

       4)   Sioux Steel's motion to disqualify Plymouth's counsel, Dennis L. Thomte, from serving as an advocate at trial (Filing No. 98 in 8:05CV196; Filing No. 66 in 8:05CV469) is denied; and

       5) A separate non-jury trial on the inequitable conduct issues, pursuant to Fed. R. Civ. P. 42(b) is scheduled for:

**Tuesday, December 12, 2006, at 9 a.m.**

Courtroom No. 5, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

       6) If necessary, the remaining issues will be tried at trial before a jury on:

**Monday, March 19, 2007, at 9 a.m.**

Courtroom No. 5, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

       DATED this 23rd day of October, 2006.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court